## Henry Achenbach v. John A. Fesser.

1. VERDICTS—*Questions of Fact.*—The value and weight of evidence depends upon the character of the witnesses, their means of observation, their discrimination and fairness, all of which are for the jury to consider, and as to which their conclusions must prevail unless some substantial error tending to produce the result has intervened.

2. INSTRUCTIONS—*Multifariousness.*—The giving of many instructions from various standpoints and upon various hypotheses tends to confuse rather than aid the jury.

**Memorandum.**—Action for obstructing the flow of water. In the Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict

Achenbach v. Fesser.

and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed June 22, 1894.

J. E. HARRISON, RICKS & CREIGHTON and A. McCASKILL, attorneys for plaintiff in error.

J. C. McBRIDE, JOHN E. HOGAN and JOHN G. DRENNAN, attorneys for defendant in error.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action on the case by Fesser against Achenbach to recover damages resulting from the alleged wrongful act of the defendant in obstructing the flow of water naturally draining from the land of the plaintiff upon and across the land of the defendant, whereby the crops of the plaintiff were injured and destroyed.

The defendant pleaded not guilty, and the issue was submitted to a jury, whose verdict was for the plaintiff, assessing his damages at one dollar. A motion by defendant for a new trial was denied, and judgment followed, to reverse which the defendant sued out his writ of error.

The parties owned and occupied adjoining lands, which were divided by a hedge fence running north and south.

This fence crossed a natural depression or basin partly on the land of plaintiff and partly on the land of defendant, the major part being on the former.

As claimed by the plaintiff, the overflow of water accumulating in this basin would naturally pass off to the west and northwest over the land of defendant.

The hedge did not thrive in this basin, because of too much water and frequent overflows. The defendant built a dam along a portion of this hedge by the use of rails and earth for the purpose of restraining the water from his land, and in so doing caused the damage complained of.

He insisted that the natural flow from the basin was southeast over the land of the plaintiff, and that the latter had filled up and obstructed a drain or waterway formerly constructed to facilitate such flow, but the plaintiff denied

that there was any natural drainage from the basin in that direction, though admitting that the eastern part of his land did so drain. As might be expected, the proof was con. flicting, the plaintiff abundantly supporting his contention by numerous witnesses, and the defendant bringing a large mass of testimony to sustain his contention.

The value and weight of the evidence on either side would depend, of course, upon the character of the witnesses, their means of observation, their discrimination and their fairness, all of which matters were for the jury to consider, and as to which their conclusion ought to prevail, unless some substantial error tending to produce the result has intervened. We shall not undertake to discuss this testimony for to do so would be of no service.

After a careful consideration of the abstract, with some reference to the record, there appears no ground for saying that the verdict is against the preponderance of the proof. We incline to think the verdict is right. It is certain that the removal of the obstruction created by defendant was followed by a discharge of the water over his land. This is not denied. It was to prevent this that the obstruction was interposed; and it is not satisfactorily shown, as we read the evidence, that the natural course for this overflow was to the southeast over the land of the plaintiff.

Much complaint is made as to the action of the court in giving and refusing instructions. It is not practicable, nor is it necessary, to consider the various objections urged by the plaintiff in error in this behalf. The case required but few instructions. The issue of fact was distinct, and the jury were sufficiently advised as to the law by the instructions that were given.

In such a case the giving of many instructions from various standpoints, and upon various hypotheses, would tend to confuse rather than to aid the jury.

The question was, which way did the water naturally flow, and did the defendant obstruct such natural flow to the injury of the plaintiff? If so, the defendant was liable. Otherwise, he was not.

The court might well have put the case to the jury in about this phrase, refusing all the instructions given on both sides.

It is urged that the court erred in ignoring the contention that the accumulation of water in question was largely augmented by waters coming from the land lying north of the plaintiff's land by means of a sewer pipe laid under and across the road which divided the plaintiff's land from that lying north of it, and it is insisted that the water so coming from the latter land was improperly added to the mass naturally collecting in the basin. It is by no means clear from the evidence, that any water was drained onto the plaintiff's land by the sewer pipe, which, but for the road, would not have come there naturally; but if it be conceded that defendant's contention in this respect was right and that he ought not to be charged with any surplus thus produced, still it is quite apparent the judgment does him no injustice.

Although the plaintiff proved substantial damages, the verdict was for nominal damages merely; and for this there was ample justification if the jury believed the plaintiff's testimony, regardless of the supposed improper surplus of water coming from lands north of the plaintiff.

We therefore find no occasion to consider the point thus presented as to the relative rights of the parties upon the state of facts assumed in the brief of plaintiff in error.

The judgment will be affirmed.